UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **RAMI ABOU KAFF et al.,**<br><br>　　Plaintiffs,<br><br>　　v.<br><br>**UNITED STATES DEPARTMENT OF HOMELAND SECURITY et al.,**<br><br>　　Defendants. | Civil Action No. 23-1965 (JDB) |

## MEMORANDUM OPINION AND ORDER

Before the Court is defendants' motion to transfer or dismiss. For the reasons discussed below, the Court will grant defendants' motion to transfer pursuant to 28 U.S.C. § 1404(a) and transfer this matter to the United States District Court for the District of New Jersey.

### Background

On November 9, 2015, plaintiff Rami Abou Kaff filed an I-589 Application for Asylum and for Withholding of Removal. Compl. [ECF No. 1] ¶ 2. Kaff's application lists his spouse, Huda Ojeil, and his daughter, Layal Abou Kaf, as derivative applicants. Id. ¶ 3. Their case was assigned to the U.S. Citizenship and Immigration Services ("USCIS") Asylum Office in Newark, New Jersey ("Newark Asylum Office"). Id. ¶¶ 14, 29. In late November or early December 2015, they appeared at the Newark USCIS Application Support Center to have their biometric information captured. Id. ¶ 4. Eight years later, the Newark Asylum Office has not yet scheduled an interview with Kaff, whose application remains under review. Id. ¶¶ 5, 30.

Plaintiffs claim that defendants—the Newark Asylum Office, the U.S. Department of Homeland Security, USCIS, and several government officials in their official capacities—violated the Administrative Procedure Act ("APA") by failing to schedule their asylum interview within a

1

reasonable period of time.  Id. ¶¶ 6, 39–41.  At the time Kaff filed his petition, USCIS utilized a "First In – First Out" system, where applications were scheduled for interviews in the order they were received.  Id. ¶ 25.  But in January 2018, USCIS instructed field offices to switch to a "Last In – First Out" ("LIFO") system, under which offices scheduled the most recently filed applications first.  Id. ¶ 26.  Plaintiffs allege that this executive policy change caused their application "to be relegated to the last category of USCIS' scheduling priority."  Id.  Plaintiffs now seek to compel defendants to adjudicate Kaff's asylum application.  Id. ¶ 43.

Defendants moved to transfer this case to the District of New Jersey under 28 U.S.C. § 1404, or in the alternative, to dismiss this case under Federal Rules of Civil Procedure 12(b)(3) and 12(b)(6) for failure to plausibly allege a claim against any officials who reside in the District of Columbia.  Mot. to Transfer & Dismiss & Mem. in Supp. Thereof [ECF No. 15] ("Mot.") at 1.  Plaintiffs filed a memorandum in opposition, and defendants filed a reply.  The motion is now ripe for decision.

## Legal Standard

District courts may transfer a case to "any other district or division where it might have been brought" for the "convenience of [the] parties and witnesses, in the interest of justice."  28 U.S.C. § 1404(a).  In deciding a motion to transfer, courts must undertake an "individualized, case-by-case consideration of convenience and fairness."  Stewart Org., Inc. v. Ricoh Corp., 487 U.S. 22, 29 (1988) (quoting Van Dusen v. Barrack, 376 U.S. 612, 622 (1964)).  The movant bears the burden of proving that transfer is proper.  Ctr. for Env't Sci., Accuracy & Reliability v. Nat'l Park Serv., 75 F. Supp. 3d 353, 356 (D.D.C. 2014).

The inquiry is "two-fold."  Wei Lai Dev. LLC v. U.S. Citizenship & Immigr. Servs., Civ. A. No. 21-887 (RDM), 2021 WL 2073403, at *3 (D.D.C. May 24, 2021).  First, the Court must

determine whether the case could have been brought in the transferee district, an inquiry that turns on the general venue statute. Van Dusen, 376 U.S. at 616; see 28 U.S.C. § 1391. Second, the Court must decide whether, in the interest of justice, the public and private interests favor transfer. Aracely R. v. Nielsen, 319 F. Supp. 3d 110, 127 (D.D.C. 2018).

## Analysis

The government asks this Court to transfer the action to the District of New Jersey, where plaintiffs reside. See Compl. at 1 (listing plaintiffs' address in Butler, New Jersey). The District of Columbia, the government contends, "has no meaningful connection to Plaintiffs' claims" because "Plaintiffs do not reside in the District of Columbia and do not claim that any relevant factual events occurred in the District of Columbia." Mot. at 6, 8. Plaintiffs resist this proposed transfer, arguing that the change in the government's asylum review policy was "an executive decision made by the leadership of Defendant Department of Homeland Security and USCIS" and "had enduring national significance." Opp'n to Mot. to Transfer and Dismiss [ECF No. 16] at 5.

### I. Venue in Transferee District

As a threshold matter, defendants must establish that venue is proper in the proposed transferee district under the general venue statute. See 28 U.S.C. § 1404(a) ("[A] district court may transfer any civil action to any other district or division where it might have been brought . . . ."). Where, as here, the defendant is an officer, employee, or agency of the United States, venue is proper "in any judicial district in which (A) a defendant in the action resides, (B) a substantial part of the events or omissions giving rise to the claim occurred . . . or (C) the plaintiff resides if no real property is involved in the action." 28 U.S.C. § 1391(e)(1). Venue is proper under 28 U.S.C. § 1391(e)(1)(C) in the District of New Jersey.[1]

---

[1] Plaintiffs do not argue otherwise in their opposition.

3

## II. The Balance of Public and Private Interests

Because venue is proper in the District of New Jersey, the Court moves on to the second step of the § 1404(a) inquiry, determining whether transfer is warranted. See Melnattur v. U.S. Citizenship & Immigr. Servs., Civ. A. No. 20-3013 (JDB), 2021 WL 3722732, at *4 (D.D.C. Aug. 23, 2021). At this step, courts "weigh a number of case-specific private- and public-interest factors." Nat'l Ass'n of Home Builders v. U.S. Env't Prot, Agency, 675 F. Supp. 2d 173, 176 (D.D.C. 2009). The Court concludes that, on the whole, these factors weigh in favor of transfer to the District of New Jersey.

### A. Public Interest Factors

The public interest factors include: "(1) the transferee court's familiarity with the governing laws and the pendency of any related actions; (2) the relative congestion of calendars in each court; and (3) the local interest in resolving the controversy." Akinyode v. U.S. Dep't of Homeland Sec., Civ. A. No. 21-110 (JDB), 2021 WL 3021440, at *5 (D.D.C. July 16, 2021) (citing Aguilar v. Michael & Son Servs., 292 F. Supp. 3d 5, 11 (D.D.C. 2017)).

The first factor is neutral because "judges in both districts are presumed to be equally familiar with the federal laws governing this dispute." W. Watersheds Project v. Pool, 942 F. Supp. 2d 93, 101 (D.D.C. 2013) (raising an APA claim).

The second factor—the relative congestion of each court's docket—can be "difficult to assess," as judicial "statistics provide, at best, only a rough measure of the relative congestion of the dockets." Akinyode, 2021 WL 3021440, at *5 (quoting United States v. H&R Block, Inc., 789 F. Supp. 2d 74, 84 (D.D.C. 2011)). But here the available data presents the type of "substantial congestion differences" that meaningfully impact the transfer inquiry. See Alaska Wilderness League v. Jewell, 99 F. Supp. 3d 112, 118 (D.D.C. 2015) (cleaned up). As of June 30, 2023, this

District had 410 cases pending per judgeship, while that figure was 3,732 in the District of New Jersey.  See U.S. District Courts— Federal Court Management Statistics (June 30, 2023) at 2, 15, available at https://perma.cc/B94E-96TL.  And civil cases in this District move much faster on average, taking 4.7 months between filing and disposition compared to 10.8 months in the District of New Jersey.  Id.  Accordingly, the second factor weighs against transfer.

Finally, the third public-interest factor weighs in favor of transfer because "courts have a local interest in having localized controversies decided at home . . . which extends to controversies requiring judicial review of an administrative decision." Gyau v. Sessions, Civ. A. No. 18-407 (RCL), 2018 WL 4964502, at *2 (D.D.C. Oct. 15, 2018) (internal quotations and citations omitted).  No plaintiff is located in the District of Columbia, and Kaff's application is being adjudicated in the District of New Jersey, which has a greater interest in deciding these claims than does this Court.  Thus, although the second factor weighs heavily against transfer, the public interest factors taken together weigh only slightly against transfer.

### B.  Private Interest Factors

The private interest factors include: "(1) the plaintiffs' choice of forum, unless the balance of convenience is strongly in favor of the defendants; (2) the defendants' choice of forum; (3) whether the claim arose elsewhere; (4) the convenience of the parties, (5) the convenience of the witnesses; and (6) the ease of access to sources of proof." Nat'l Ass'n of Home Builders, 675 F. Supp. 2d at 176.

The plaintiffs' choice of forum does not favor retention of this case.  "Courts ordinarily give significant deference to the plaintiff's choice of forum." W. Watersheds Project v. Tidwell, 306 F. Supp. 3d 350, 357 (D.D.C. 2017).  But that deference "is lessened when the plaintiff's choice is not the plaintiff's home forum, and is at its nadir when the 'plaintiff's forum choice lacks

5

meaningful ties to the controversy and [has] no particular interest in the parties or subject matter.'" Melnattur, 2021 WL 3722732, at *4 (quoting Wei Lai, 2021 WL 2073403, at *4).

Plaintiffs reside in Butler, New Jersey, which reduces the deference accorded to their choice. "[W]hen the forum preferred by the plaintiff is not his home forum, and the defendant prefers the plaintiff's home forum, then there is little reason to defer to the plaintiff's preference." Melnattur, 2021 WL 3722732, at *4 (internal quotation marks omitted). Importantly, plaintiffs' claim does not provide a significant nexus to their preferred forum. A significant nexus exists where a plaintiff "challenges policy decisions that were designed and shaped by officials at agencies in Washington, D.C." Salha v. U.S. Dep't of Homeland Sec., Civ. A. No. 20-1102 (KBJ), 2020 WL 5505350, at *2 (D.D.C. Sept. 11, 2020). Where a plaintiff does "not challenge the policy itself," the nexus is more tenuous. Shakfeh v. U.S. Dep't of Homeland Sec., Civ. A. No. 22-1710 (TJK), 2022 WL 17073886, at *1 (D.D.C. Nov. 16, 2022).

Plaintiffs do not challenge the lawfulness of the LIFO policy. Instead, they argue that the defendants violated the APA "by failing to act upon the pending Asylum application for indefinite periods of time." Compl. ¶ 6. According to plaintiffs, this failure runs afoul of the APA's requirement that agencies "must adjudicate within a reasonable period of time." Id. ¶ 23. But their complaint of inaction challenges the application of the policy, not the policy itself. For this reason, courts in this District have repeatedly rejected venue arguments based on the LIFO policy change. See Shakfeh, 2022 WL 17073886, at *2; Alkoudmani v. U.S. Dep't Homeland Sec., Civ. A. No. 22-2156 (TJK), 2022 WL 18455983, at *2 (D.D.C. Nov. 16, 2022); Alabrash v. U.S. Dep't Homeland Sec., Civ. A. No. 22-1875 (CKK), 2022 WL 16948559, at *3–4 (D.D.C. Nov. 15, 2022); Order at 2, Alhalwani v. U.S. Dep't of Homeland Sec., Civ. A. No. 23-0901 (DLF) (D.D.C. July 5, 2023). Thus, the Court affords minimal deference to plaintiffs' choice of venue.

On the other hand, defendants' choice of forum merits some deference. Defendants' choice of forum is not "ordinarily entitled to deference," unless they "establish that the added convenience and justice of litigating in their chosen forum overcomes the slight deference given to Plaintiff's choice." Tower Labs., Ltd. v. Lush Cosms. Ltd., 285 F. Supp. 3d 321, 326 (D.D.C. 2018). Defendants have done so here, where they seek to transfer to plaintiffs' home forum and where deference to the plaintiffs' choice is minimal.

The place in which this claim arose also favors transfer. Typically, in an APA case, the underlying claim "arises where the decisionmaking process occurred." McAfee, LLC v. U.S. Citizenship & Immigr. Servs., Civ. A. No. 19-2981 (DLF), 2019 WL 6051559, at *1 (D.D.C. Nov. 15, 2019) (quoting Lamont v. Haig, 590 F.2d 1124, 1128 n.19 (D.C. Cir. 1978)). In general, "[t]he decisionmaking process for adjudicating . . . visa applications occurs in USCIS service centers around the country." Pasem v. U.S. Citizenship & Immigr. Servs., Civ. A. No. 20-344 (CRC), 2020 WL 2514749, at *3 (D.D.C. May 15, 2020). And "[c]ases challenging the actions of local USCIS offices are frequently, and appropriately, transferred to the venue encompassing those local offices for this reason." Bourdon v. U.S. Dep't of Homeland Sec., 235 F. Supp. 3d 298, 305 (D.D.C. 2017). The Court is satisfied that plaintiffs' claim arose in the District of New Jersey, where Kaff's asylum application was assigned and remains pending.

The final three factors all relate to the convenience of the litigation and collectively weigh slightly in favor of transfer. In cases "involving review of agency action, the location of witnesses is not a significant factor, but the location of the administrative record . . . carries some weight." Melnattur, 2021 WL 3722732, at *7 (cleaned up). As this case arises under the APA, plaintiffs' claims will likely be resolved based on the administrative record. Kaff's asylum application is located in the Newark Asylum Office, and any witness testimony would likely be sought from

individuals located in the District of New Jersey: Rami Abou Kaff, Huda Ojeil, Layal Abou Kaf, and the Newark Asylum Office employees. The private interest factors thus strongly weigh in favor of transfer to the District of New Jersey.

## Conclusion

In sum, almost every factor weighs in favor of transfer in this case. The only factor favoring retention is the congestion in the proposed transferee court. But the weight of all the other factors convinces this Court that transfer to the District of New Jersey is "in the interest of justice." 28 U.S.C. § 1404(a).

\*   \*   \*

For the foregoing reasons, and upon consideration of the entire record herein, it is hereby

**ORDERED** that [15] defendants' motion to transfer is **GRANTED**; it is further

**ORDERED** that the Clerk of the Court shall transfer this action to the United States District Court for the District of New Jersey; and it is further

**ORDERED** that [15] defendants' motion to dismiss is **DENIED WITHOUT PREJUDICE AS MOOT** and that defendants shall have leave to refile any appropriate motion to dismiss under Rule 12 within thirty days of this action being docketed with the transferee court or within such time as set by that court.

**SO ORDERED**.

/s/
JOHN D. BATES
United States District Judge

Dated:  November 21, 2023